**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Michael Thomas Castronovo, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 11 C 50046 |
| | ) | |
| The County of Winnebago, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

**ORDER**

Plaintiff's motion in limine [88] is denied. Defendants' motions in limine numbers 1 and 5 [97] are granted. Defendants' motion in limine numbers 2, 3, and 4 [97] [103] are denied.

**STATEMENT**

      Plaintiff runs his business out of the home he owns on Harrison Avenue in Rockford, Illinois. In May 2008, the median on Harrison Avenue was removed during construction, which permitted plaintiff for the first time to access his property from both the east- and west-bound lanes of Harrison Avenue. In May 2009, as part of the design specifications for the construction on Harrison Avenue, a median was reinstalled which once again blocked plaintiff's access to and from the east-bound lane of Harrison Avenue. Beginning in April 2009, plaintiff began attending, and speaking at, Winnebago County Board ("the Board") meetings and meetings of the Board's public works committee to request that he retain access from the east-bound lane of Harrison Avenue to his property. Based on those meetings, plaintiff, in Count II of his pro se complaint, alleged that the defendants—including Winnebago County; Scott Christiansen, the Chairman of the Board; and Board members Pearl Hawks, Kyle Logan, and Dave Tassoni—violated his First Amendment rights. Specifically, plaintiff alleges, and defendants deny, that Christiansen informed plaintiff prior to plaintiff's two speeches to the Board, in August 2009 and February 2011, that plaintiff could not give specific people's names in his speeches. Plaintiff also alleges that he attended two meetings held by Winnebago County public works committee, which is comprised of Hawks, Logan, and Tassoni. At those meetings, where the committee considered and voted to deny his proposal to leave an opening in the median of Harrison Avenue, plaintiff alleges he was not permitted to speak. The remainder of the claims, and a number of other defendants, included in plaintiff's complaint have been dismissed in previous orders.

      Pending before the court is the parties' final pretrial order, including six motions in limine. Judges have broad discretion when ruling on motions in limine. Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002). Evidence should be excluded under an order in limine only where it is clearly inadmissible for all purposes, otherwise evidentiary rulings should be deferred

until trial. Alexian Bros. Health Providers Ass'n, Inc. v. Humana Health Plan Inc., 608 F. Supp. 2d 1018, 1021 (N.D. Ill. 2009). Therefore, the party moving to exclude evidence in limine has the burden of establishing that the evidence is not admissible for any purpose. Euroholdings Capital & Inv. Corp. v. Harris Trust & Savings Bank, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). Denial of a motion in limine seeking the exclusion of evidence does not mean the evidence will necessarily be admitted at trial but, rather, denial indicates that the court could not determine the issue in advance of trial. Id. A ruling in limine is not final and is subject to change as the case unfolds. Id. at 935.

### A. Plaintiff's Motion in Limine

Plaintiff, in his only motion in limine, seeks to prevent defendants from arguing that the Winnebago County public works committee meetings were anything other than public fora for First Amendment purposes based on this court's previous order. Although this court did assert, in its ruling on the motion for summary judgment, that the committee meetings were public fora based on 5 ILCS 120/0.06(g), the court reconsidered that ruling in response to defendants' motion for reconsideration. See Castronovo v. Winnebago Cnty., No. 11 C 50046, slip op. at 3 (N.D. Ill. Feb. 12, 2013) ("The court agrees that its erroneous reliance on 5 ILCS 120/2.06(g) requires that this court reconsider whether summary judgment was appropriate."). In that order, the court noted that the issue of whether the committee meetings were public fora was a genuine issue of material fact and subject to proof at trial. Id. at 4 ("Accordingly, because there is evidence in the record suggesting that the forum was a designated public forum, defendants have not carried their summary judgment burden on Castronovo's fourth claim."). Plaintiff never requested summary judgment on the issue in his favor. Accordingly, plaintiff's motion in limine is denied, and the issue of whether the committee meetings were public fora is subject to dispute at trial.

### B. Defendants' Motion in Limine Number 1

Defendants, in their first motion in limine, seek to prevent plaintiff from testifying that he has been diagnosed by a "mental health evaluator" with suffering from stress, headaches, anxiety, bouts of anger, irritable bowel syndrome, loss of sleep, and depression as a result of defendants' alleged First Amendment violations. Specifically, defendants object that any diagnosis from the "mental health evaluator" would be hearsay if offered by plaintiff himself.

Hearsay, as defined by the Federal Rules of Evidence, is an out-of-court statement offered for the truth of the matter asserted. See Fed. R. Evid. 801(c). The general rule is that hearsay is not admissible as evidence at trial. Fed. R. Evid. 802. But see Fed. R. Evid. 801, 803, 804, 807 (providing many exceptions to the general rule). Any statement from plaintiff concerning a diagnosis from his "mental health evaluator" would be classical hearsay—the evaluator told plaintiff something out of court which is now being offered in court for its truth (that plaintiff actually has the assorted maladies he claims). Plaintiff does not argue that he fits within any of the many exceptions to the hearsay rule, instead he cites a single case, concerning the in-court statement of an investigator that relied on—but did not repeat the substance of—out-of-court statements from third parties, that has nothing to do with the instant issue. See United States v. Albiola, 624 F.3d 431, 440-41 (7th Cir. 2010). Plaintiff provides no explanation as to how Albiola should impact this court's analysis. Accordingly, as it is clear that any testimony from plaintiff concerning the "mental health evaluator's" diagnoses would be hearsay, and plaintiff has not established that his testimony

offering the evaluator's diagnosis fits within any of the exceptions to the hearsay rule, the general rule prevails and the motion is limine is granted. See Fed. R. Evid. 802. If, however, plaintiff can properly enter into evidence the diagnosis of the evaluator, he may, of course, reference that diagnosis in his case.

### C. Defendants' Motion in Limine Number 2

Defendants next seek to prevent plaintiff from testifying that Alanna Conard, allegedly an employee working in Christiansen's office, informed plaintiff that he was not to name specific individuals' names in his speeches before the Winnebago County Board. Again, defendants seek to exclude this testimony as hearsay.

Defendants have not carried their burden to exclude plaintiff's testimony as to what Conard allegedly told him as hearsay. Rule 801(d)(2) excludes from the hearsay rules statements made by an opposing party when the statement is offered against that opposing party. As plaintiff correctly points out, Rules 801(d)(2)(C) and (D) extend that rule to out-of-court statements offered for the truth of the matter asserted which are made by (1) people authorized to speak on a defendant's behalf or (2) individuals in an agency relationship with a defendant. At this time, there is sufficient evidence on the record to make it appear that Conard was an agent for Christiansen, or at least authorized to speak on his behalf as to this matter, and therefore her out-of-court statements would be admissible notwithstanding the hearsay rule. This matter may be revisited at trial, however, if plaintiff is unable to establish that Conard worked for or with Christiansen. Nevertheless, the motion in limine is denied.

### D. Defendants' Motion in Limine Number 3

Defendants also seek to bar plaintiff from eliciting testimony from Rita Troeger concerning statements made to her by plaintiff as hearsay. From the record, Troeger appears to be a friend or associate of plaintiff that accompanied him to at least some of the Board meetings and was otherwise privy to plaintiff's thoughts concerning plaintiff's various allegations. Plaintiff argues that Troeger may testify to what plaintiff said to her under the present sense impression of Rule 803(1), which codifies an exception to the hearsay rule for statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it."

The problem with this issue is that neither party has bothered to delineate what testimony they are arguing about. Defendants attached an affidavit to their motion from Troeger, which includes a number of instances where Troeger repeated something told to her by plaintiff, but fail to indicate which of these instances they are seeking to suppress. Similarly, plaintiff indicates that all of Troeger's testimony should be admissible as present sense impressions despite that exemption's clear inapplicability to many of the instances. Neither party addresses the hearsay within hearsay issues involved in parts of Troeger's affidavit, for instance where plaintiff reported to Troeger things Christiansen allegedly told him. See Fed. R. Evid. 805. In any event, the court will deny the motion pending trial, where the parties are invited at side bar to provide targeted argument as to what testimony Troeger may give.

### E. Defendants' Motion in Limine Number 4

Defendants' fourth motion in limine seeks to bar plaintiff from eliciting any testimony that

is not relevant to the claims that currently remain before the court. Plaintiff has identified a large list of witnesses and exhibits which appear at first glance to be completely irrelevant to the question of plaintiff's First Amendment rights, and instead go to the dismissed claims concerning plaintiff's right to have the median cut which spawned this lawsuit in the first place. However, although the limits of relevant testimony will be strictly enforced at trial to avoid unnecessary examination into topics which have been dismissed from this suit, the court cannot say that all of the aforementioned exhibits and testimony are irrelevant for all purposes. Neither party has attempted to provide any proffer as to what those witnesses or exhibits might state, so the court is unable to consider the relevance of any specific witness or exhibit at this time. Additionally, although the issues surrounding the median cut are largely irrelevant to this trial, and will not be a subject into which plaintiff will be permitted to elicit significant amounts of testimony, the fact that he was initially seeking a median cut is still relevant information for the instant suit. In order for the jury to understand why plaintiff was seeking to speak to the Board and the committee, they will need to have at least some background into the dispute which brought plaintiff before those bodies. Accordingly, again largely because defendants paint with too broad a brush in their request, the motion is denied, but may be revisited at trial.

### F. Defendants' Motion in Limine Number 5

Defendants' final motion in limine seeks to bar plaintiff from admitting any testimony concerning damages he claims, including damages for lost wages, business opportunity, and diminished property value, on account of the county's failure to grant him a median cut. Plaintiff argues that the alleged First Amendment violations caused him to lose the opportunity to argue for the median cut, and therefore all of his damages are appropriate.

Plaintiff has the burden to link all of his alleged damages to defendants' alleged tortious or illegal conduct by a preponderance of the evidence. See Dynegy Marketing & Trade v. Multiut Corp., 648 F.3d 506, 518 (7th Cir. 2011). All of the claims concerning plaintiff's right to a median cut have been dismissed, and therefore plaintiff may not include any damages that arise from the failure to provide a median cut. Plaintiff's counter-argument is unconvincing—there is no evidence on the record that had plaintiff been allowed additional opportunities to address the Board or its public works committee, over and above the many times he was already provided, that the Board would have changed its mind. Indeed, all of the evidence on the record indicates that the Board considered plaintiff's side of the story many times over the years this issue was before the Board and yet declined to provide him with the median cut. Although defendants may have violated plaintiff's First Amendment rights (an issue for the jury to decide), plaintiff has never shown any evidence linking those alleged violations to the denial of his median cut. Accordingly, defendants' fifth motion in limine is granted.

In conclusion, then, plaintiff's motion in limine is denied, as are defendants' motions in limine 2, 3, and 4. However, defendants' motions 1 and 5 are granted.

Date: 10/2/2013                                     ENTER:

                                                                                                                                                                               _____

                                                                                                FREDERICK J. KAPALA

                                                                                                District Judge